UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS ALBERTO RIVERA-CRESPO,

Plaintiff,

v.

MIGUEL A. PEREIRA-CASTILLO, et al.,

Defendants.

Civil No. 10-1394 (JAF)

**OPINION AND ORDER**

Plaintiff, Luis Alberto Rivera-Crespo, brings suit under 42 U.S.C. § 1983, challenging the conditions of his confinement in the Commonwealth of Puerto Rico's Bayamón Correctional Facility.[1] Plaintiff seeks one million dollars in damages against Defendants, Miguel A. Pereira-Castillo, Puerto Rico's Secretary of Corrections and Rehabilitation; Superintendent Wanda Montañez-Santiago; Superintendent Roberto Cano-Rodríguez; Captain Porfirio Cruz; Captain Ana López; and Commander Antonio Trinidad-Rivera. (Docket No. 29.) Defendants move to dismiss. (Docket Nos. 15; 17.)

**I.**

**Factual and Procedural Summary**

We draw the following narrative from Plaintiff's complaint (Docket No. 29) and exhibits accompanying Defendants' motion to dismiss (Docket No. 23). In ruling on a motion to

---

[1] Plaintiff has filed no less than twelve cases since 1998 challenging the conditions of his confinement. Most of these cases have been dismissed at an early stage due to the illegible and incoherent nature of the pleadings.

Civil No. 10-1394 (JAF)                                                                                                    -2-

dismiss, we assume all of Plaintiff's allegations to be true and make all reasonable inferences in his favor.  See Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Plaintiff is an inmate at the Bayamón Correctional Facility in Bayamón, Puerto Rico. On November 29, 2008, a mentally-ill inmate, Julio Ortiz-Díaz, suddenly attacked Plaintiff with a pipe, hitting him six times, and also kicked him twice in the face. Plaintiff suffered a laceration to his head, requiring four stitches, and a hematoma to his right eye. He spent "a month in bed, in pain, with blurry vision in his right eye." (Docket No. 29 at 6.) Plaintiff alleges that this attack occurred as a result of negligence by the prison administration: "Officer Monte and the other one abandoned their control posts for Building 1 and when they were coming they were told that Julio Ortiz-Díaz had become deranged and that he had assaulted [Plaintiff] with a pipe." (Id.) He claims to have previously warned the prison administration of the threat Mr. Ortiz-Díaz posed. (Id.) Plaintiff filed for an administrative remedy through the prison. (Docket No. 3-2.) On January 7, 2009, he received a response to his complaint from Defendant Montañez-Santiago, stating that all "regulatory procedures" were followed and that Plaintiff had fifteen days in which to file a motion for reconsideration. (Docket No. 23-5.) Plaintiff did not file a motion for reconsideration of this administrative review. (Docket No. 23-4.)

In February and March of 2009, Plaintiff filed two suits against Defendants in the Court of First Instance of the Commonwealth of Puerto Rico. These suits alleged violations of Plaintiff's rights on July 20, 2008, and September 29, 2008. The actions were consolidated and dismissed, on April 16, 2010, for failure to serve process. (Docket No. 23-2.)

Plaintiff filed the present action on May 13, 2010, seeking one million dollars in damages. (Docket No. 29.) Defendants Pereira-Castillo, Cano-Rodríguez, Cruz, López, and Trinidad-Rivera moved to dismiss the complaint (Docket No. 15), a motion that Defendant Montañez-Santiago later joined (Docket No. 17).

## II.

## Standard for Dismissal Under Rule 12(b)(6)

A defendant may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss an action against him for lack of subject-matter jurisdiction.

A defendant may also move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

## III.

## Analysis

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Defendants raise five arguments for dismissal: (1) res judicata; (2) failure to exhaust administrative remedies; (3) sovereign immunity; (4) qualified immunity; and (5) failure to state a colorable claim under 42 U.S.C. § 1983. (Docket No. 15.)

Civil No. 10-1394 (JAF) -4-

**A.    Res Judicata**

Defendants argue that the dismissal of Plaintiff's claims before Puerto Rico's Court of First Instance precludes our subject-matter jurisdiction over the instant case. We must accord full faith and credit to decisions issued by the courts of Puerto Rico. See 28 U.S.C. § 1738. If a Commonwealth Court's judgment would be accorded preclusive effect in other courts of the Commonwealth, we must grant it the same preclusive effect in our court. See Cruz v. Melecio, 204 F.3d 14, 18–19 (1st Cir. 2000). Thus, we look to the law of Puerto Rico to determine if a judgment from its courts would be recognized to have preclusive effect against future suits asserting the same claims. See id. A party asserting res judicata bears the burden of demonstrating: "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions; (iii) a perfect identity of the parties and the capacities in which they acted." Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 69 (1st Cir. 2008) (quoting R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 183 (1st Cir. 2006)).

The allegedly-preclusive case from the Court of First Instance fails all three prongs of res-judicata analysis. First, that case was dismissed on procedural grounds, the failure to properly serve a party, and so the court did not address the merits of Plaintiff's claim. (See Docket No. 23-2.) Second, but most glaringly, the claim in that case appears to arise out of circumstances occurring on July 20, 2008, and September 28, 2008, while the claim presently before us stems from an incident on November 29, 2008. (Id.) Finally, the translated judgment provided to us by Defendants appears to be a dismissal of the claim against the Commonwealth only, not the individuals who are Defendants in this case. (Id.)

**B.    Exhaustion**

Defendants next state, as an affirmative defense, that Plaintiff failed to comply with the exhaustion of administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). Before a prisoner may bring suit in federal court challenging the conditions of his confinement, he must first exhaust all administrative remedies available to him. § 1997e(a). A prisoner has not properly exhausted a claim where his failure to comply with filing deadlines bars him from further pursuit of administrative remedies. See Woodford v. NGO, 548 U.S. 81, 90–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Plaintiff filed his administrative complaint on December 4, 2008. Defendants submit into evidence the administrative disposition of Plaintiff's claim (Docket No. 23-5), dated January 7, 2009, which included notice to Plaintiff that a motion for reconsideration could be filed within fifteen days. Defendants also state that Plaintiff never filed a motion for reconsideration. (Docket No. 23-4.) Plaintiff does not refute this statement or address, in any way, the exhaustion of his claim. Therefore, we conclude that he failed to move for reconsideration of the administrative disposition of his claim and, as a result, has not fulfilled the PLRA's exhaustion requirement. We need not address Defendants' additional grounds for dismissal.

Civil No. 10-1394 (JAF)                                                                                    -6-

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendants' motion to dismiss (Docket No. 15). We **DENY** as moot Plaintiff's motions to appoint counsel (Docket No. 18; 25; 27).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 29th day of March, 2011.

                                                                                       s/José Antonio Fusté  
                                                                                       JOSE ANTONIO FUSTE  
                                                                                       Chief U.S. District Judge